UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| BRANDON ARVEL SHERMAN, | ) | CASE NO. 4:12 CV2573 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN J. COAKLEY, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is *pro se* Petitioner Brandon Arvel Sherman's petition for a writ of habeas corpus pursuant 28 U.S.C. §2241. Sherman, who is being held in the Elkton Federal Correctional Institute in Lisbon, Ohia ("F.C.I. Elkton"), names F.C.I. Elkton Warden J. Coakley as Respondent. He seeks sentence credit for the period in which he was detained in a Community Corrections Center ("C.C.C.") For the reasons set forth below, the petition is denied.

*Background*

Sherman was arrested by authorities on March 24, 2010. Two months later, he was named in a two-count indictment filed in the United States District Court for the Southern District of Indiana. *See United States v. Adams, et al.*, No. 3:10cr0017 (S.D. IN. filed May 4, 2010)(Young, J.) Judge Richard L. Young released Sherman on bond on June 2, 2010. As a condition of his release, Sherman was ordered to reside at the Volunteers of America ("VOA").

Sherman entered into a Plea Agreement with the United States on March 9, 2011, pleading guilty to conspiracy with intent to distribute marijuana in violation of 21 U.S.C. §846. *See id.* at Doc. #36. On August 10, 2011, Judge Young imposed a prison term of 60 months, followed by 4

years of supervised release. *See id.* at Doc. #45. Sherman was immediately remanded to the custody of the Bureau of Prisons ("BOP"). He is scheduled to be released from prison on November 25, 2015. *See* "Federal Bureau of Prisons-Inmate Locater," http://www.bop.gov/iloc2/InmateFinderServlet.

After reviewing his Sentence Computation Sheet, Sherman believed the BOP failed to provide him prior jail time credit pursuant to 18 U.S.C. § 3585(b). Specifically, he sought credit from June 2, 2010 until September 26, 2011 when he resided at VOA. As such, Sherman submitted a Request for Administrative Remedy to F.C.I. Elkton staff on May 7, 2012. The request was denied. Similarly, both the warden and the BOP Regional Director denied Sherman's appeals.[1] In denying Sherman's request, each official explained that residing in a C.C.C. did not qualify as official detention for purposes of 18 U.S.C. § 3585.

Sherman now maintains that 18 U.S.C. § 3621 authorizes the BOP to designate a federal prisoner's place of confinement. In doing so, the BOP has routinely considered placing federal prisoners in C.C.C.s to complete the remainder of their prison sentences. While he acknowledges that the Supreme Court in *Reno v. Koray*, 515 U.S. 50 (1995) bars jail credit pursuant to § 3585 for time spent in a C.C.C., he claims there is a split among the circuits and subsequent decisions have granted sentence credit for prior placement in a C.C.C. This allegedly includes "*Combs v. Hickey* (6th Cir. Jan. 07, 2011)," which Sherman purports is a decision from the Sixth Circuit Court of Appeals. Moreover, he claims the judge granted prior jail credit for a prisoner's placement in a C.C.C..

---

[1]Although it appears Sherman submitted an appeal to the General Counsel, no copy of a response is attached to his petition.

Sherman further argues that it is within the authority of the district court to direct the BOP to properly construe statutes. He thus asks this Court to "reject administrative constructions which are contrary to clear congressional intent." (Pet. at 5.) Sherman maintains that because § 3621(b) characterizes a C.C.C. as a correctional facility, the BOP is contradicting that statute by arguing that a C.C.C. does not qualify as "official detention" under § 3585(b). Rather than create a contradiction, Sherman believes Congress expressed its intent in § 3621(b) by providing that the BOP may place a prisoner in a C.C.C. as an alternative place of confinement. Therefore, Sherman argues the BOP's interpretation, excluding jail credit for C.C.C. placement, clearly runs afoul of congressional intent.

*Initial Review*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to grant an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Sherman has not met his burden.

*28 U.S.C. § 2241*

Claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Because Sherman's custodian, Warden Coakley, is within this Court's jurisdictional reach he has properly

3

filed his petition in this Court.

*Sentence Credit*
*18 U.S.C. § 3585*

Once a federal offender is sentenced, the Attorney General, through the BOP, has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed."). To carry out this duty, the BOP must know how much of the sentence the offender has left to serve. This involves the consideration of an offender's right to jail-time credit under § 3585(b), which the district court cannot determine at sentencing. Therefore, the Attorney General has no choice but to make that determination as an administrative matter when imprisoning the defendant. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons.").

The relevant sentencing credit statute provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
>
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b)(emphasis added). The critical term at issue for Sherman is whether his stay at VOA qualifies as official detention. For the reasons outlined below, it does not.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, authorizes federal courts to impose

presentence restraints on a defendant's liberty, *see* 18 U.S.C. § 3142(a) (authorizing courts to impose restraints on the defendant "pending trial"); 18 U.S.C. § 3143(a) (authorizing courts to impose restraints while the defendant "is waiting imposition or execution of sentence"). Therefore, when Sherman appeared before the court at his bond hearing, Judge Young had the option to order his continued detention without bail or release him subject to a variety of restrictive conditions. Such a release would include residence in a community treatment center. *See* 18 U.S.C. § 3142(c)(1)(B)(i), (x), and (xiv).

The Supreme Court clarified that once a defendant, like Sherman, is "admitted to bail, even on restrictive conditions " he is "released." *Reno*, 551 U.S. at 51. It is only when a defendant is committed to the Attorney General's custody that he is considered "detained." *Id*.; 18 U.S.C. § 3142(i)(2). Therefore, as section 3585(a) explicitly provides, credit is "available only to those defendants who were detained in a penal or correctional facility and subject to BOP's control." *Id.*

Sherman chooses to focus on the nature of his confinement rather than under whose control he was subject to at the time. He maintains that C.C.C.s are classified as penal institutions under 18 U.S.C. § 3621, but are erroneously recharacterized by the BOP to disqualify residency there as a official detention under § 3585 for pre-trial detainees. Sherman's reading of "official detention," however, ignores the critical distinction between defendants who are "detained" and defendants who are "released" on bail. Without reservation, the former are always subject to BOP control. This was not Sherman's reality once he was released on bail. Regardless of any restrictions the court may have imposed on him while he resided at VOA, Sherman was neither literally nor figuratively "detained" during that time. Any presentence "detention" period must be equivalent to the "imprisonment" itself. *Id.* at 51.

5

The *Reno* court reasoned that when Congress replaced the former sentencing statute (18 U.S.C. § 3568) with the current one (18 U.S.C. § 3585) and substituted the phrase "official detention" for "in custody," it "presumably made the change to conform the credit statute to the nomenclature used in related sentencing provisions and in the Bail Reform Act of 1984." *Id*. Therefore, the clear intent of Congress was to draw a bright line between those defendants who were under the complete control of the BOP and those who were subject to the conditions of release imposed by the court.

Finally, Sherman's reliance on *Combs* is misplaced. As a threshold matter, the opinion is not a decision from the Sixth Circuit but an unreported case from the United States District Court for the Eastern District of Kentucky. *See Combs v. Hickey*, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011). The petitioner in *Combs*, like Sherman, filed a habeas petition pursuant to 28 U.S.C. § 2241. Prior to sentencing, Combs had resided at the halfway house for nearly seventeen months. At sentencing, the trial court reduced her sentence from 30 to 22 months, recognizing 8 months of her halfway house residency as time served. When she argued she was entitled to 9 additional months credit pursuant to 18 U.S.C. § 3585 for the entire time she resided at the halfway house, the district court denied her petition.

The *Combs* court first rejected her petition because she was actually attacking her underlying sentence. Any challenge to a federal sentence must be pursued by a motion to vacate pursuant to 28 U.S.C. § 2255. Notwithstanding the fact that she could not attack her sentence through a § 2241 petitioner, the court further determined:

> The time Combs spent at the Theodora House does not qualify as official detention because the lock down status she describes-being restricted to the physical parameters of the facility grounds, as opposed to being continuously locked inside a cell or similar structure-presents precisely the kind of moderately restricted

movement typical of halfway houses or other transitional facilities, and which the . . . Supreme Court *expressly found fell outside the definition of official detention under Section 3585(b)*.

*Combs*, 2011 WL 65598, at 2 (emphasis added). Clearly, *Combs* supports the prevailing view that "official detention" exists only when an individual is under the control of the BOP. This view does not contradict 18 U.S.C. § 3621, which only applies to persons who are subject to BOP policy and control.

Based on the foregoing, there is no relevant case law to support Sherman's claim. The fact that prisoners may be placed in C.C.C.s by the BOP to finalize a prisoner's sentence does not elevate residency in a C.C.C. to "official detention" when it is imposed as a condition of release.

## *Conclusion*

The Petition for writ of habeas corpus is denied. *See* 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: December 11, 2012               /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."